IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN BRATCHER,**

        **Petitioner,**

v.                                                           **Civil Action No. 2:10cv102**
                                                             **(Judge Maxwell)**

**ADMINISTRATOR, POTOMAC**
**HIGHLANDS REGIONAL JAIL,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On July 20, 2010, the *pro se* petitioner initiated this case by filing an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus. The petitioner was granted permission to proceed as a pauper on September 30, 2010, and no filing fee has been required. This case is before the undersigned for an initial review pursuant to LR PL P 2.

### I. The Petition

In the petition, the petitioner asserts that although he is an inmate of the West Virginia Division of Corrections ("DOC"), he is being held in a regional jail. (Dckt. 1 at 6) The petitioner asserts that at the regional jail he has limited access to a law library, that he does not have the same rights as other DOC inmates, that he has been denied adequate medical treatment and that he has had a "hard time trying to get in the courts." Id. at 6-7. He further asserts that the Potomac Highlands Regional Jail has "nothing else to offer [him]" and that the longer he sits in a regional jail, the harder it becomes to meet the requirements for parole. Id. at 9. Although he does not specifically say so, it appears that the plaintiff seeks a transfer to a DOC facility.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains of the conditions of his confinement. Specifically, he complains of the facility in which he is serving his DOC sentence. However, this claim does not attack, nor relate in any way, to the execution of his sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.[1]

## III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely

---

[1] To the extent that the petitioner alleges that being housed in a regional jail "cuts his chances at parole," that claim is without merit. There is no liberty interest in early release. Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998); Fonner v. Thompson, 955 F. Supp. 638 (N.D. W.Va. 1997).

2

file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 4, 2010.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE